Filed 9/22/21  P. v. Martinez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B301347 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. VA066428-02 |
| v. | |
| JONATHAN PETER MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Olivia Rosales, Judge.  Affirmed.

Gail Harper, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

Jonathan Peter Martinez appeals from the superior court's order denying his petition under Penal Code section 1170.95.[1] That statute allows certain defendants convicted of murder under the felony-murder rule or the natural and probable consequences doctrine to petition the court to vacate their convictions and for resentencing. Martinez was not tried for or convicted of murder under the felony-murder rule or the natural and probable consequences doctrine. Accordingly, he is not eligible for resentencing as a matter of law and the trial court properly denied his petition. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

### 1. *The crimes, conviction, and appeal*

As the facts of Martinez's crimes are irrelevant to our analysis, we summarize them only briefly.[2]

On the evening of July 22, 2001 a woman who was in her backyard in Downey heard two gunshots. She peered into the alley behind her yard and saw two men " 'casually' " walking away from a two-door car stopped in the alley. She called the police. A responding officer found the bodies of Rudy Estrada and his wife or girlfriend Gabrielle Almaraz in the driver's and front passenger seats of the car. Each victim had been shot once

---

[1] References to statutes are to the Penal Code.

[2] We previously granted Martinez's request that we take judicial notice of "the entire record[ ]" in his direct appeal and the related habeas proceeding, *People v. Martinez* (Mar. 29, 2004, B164263, B171001) [nonpub. opn.] (*Martinez I*). As the truth of the facts of the crimes recited in *Martinez I* are not necessary for our resolution of this appeal, we summarize them only for the basis of Martinez's conviction. (See *People v. Woodell* (1998) 17 Cal.4th 448, 459-460.)

in the head at the left ear.  Estrada had been shot at point blank range, with the gun's muzzle touching his skin, and Almaraz had been shot from a distance of less than three feet.  (*Martinez I*.)

Martinez's palm print and fingerprint were found on the outside of the car.  Police also found a fingerprint belonging to Jacob Crespin.  After speaking with Crespin, authorities identified Martinez as a suspect.  Police arrested Martinez, who at first "denied knowing anything about the killings." Eventually, Martinez told detectives he, Crespin, and Estrada "were friends and 'home boys.'"  Martinez claimed Crespin shot the victims without warning.  Martinez admitted having "handled the gun earlier in the day," but he denied having "provided" it to Crespin.  Martinez told the detectives he and Crespin were both in the back seat and he "pushed the seat in front of him forward," got out, and ran.  Forensic evidence presented at trial contradicted Martinez's account.  (*Martinez I*.)

The People charged Martinez and Crespin with two counts of murder.  The information alleged Crespin personally used and discharged a firearm.  Martin's motion to sever his trial from Crespin's was granted.  Crespin was tried first and acquitted of both murders.  In Martinez's trial the jury convicted him of two counts of first degree murder.  The trial court sentenced Martinez to 50 years to life in prison.  (*Martinez I*.)

The trial court instructed Martinez's jury on direct aiding and abetting (CALJIC Nos. 3.00 and 3.01) and first and second degree murder (CALJIC Nos. 8.00, 8.10, 8.20, and 8.30).  The court's murder instructions also included the definition of "malice aforethought" (CALJIC No. 8.11). The court did not instruct the jury on the felony-murder rule or the natural and probable consequences doctrine.

In March 2004, we affirmed Martinez's conviction and denied his related petition for a writ of habeas corpus. (*Martinez I*.)

## 2.     *The section 1170.95 petition*

After Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) took effect, on June 17, 2019 Martinez filed a petition for resentencing. On a downloadable form, Martinez checked boxes 1, 2a, 3, 4, 5 and its subboxes, and 6. On box 6, Martinez crossed out "2nd degree" and wrote "1st degree." Accordingly, by checking the boxes, Martinez declared he had been convicted of murder under the felony-murder rule or the natural and probable consequences doctrine. The petition had no attachments or exhibits.

The trial court appointed counsel for Martinez. On August 7, 2019, the prosecution filed a response to Martinez's petition. The prosecution contended Martinez was not entitled to relief under Senate Bill 1437 because his jury was not instructed on either felony murder or "a natural and probable consequences theory of culpability"; therefore he was not convicted under either of those doctrines.[3] The prosecution attached copies of *Martinez I* and of the jury instructions given at Martinez's trial.

On August 28, 2019, Martinez's counsel filed a reply on his behalf. Counsel argued that—by checking the boxes on the form—Martinez had "made a prima facie case for relief" and the court was required to issue an order to show cause

---

[3]     The district attorney also argued at length that Senate Bill 1437 was unconstitutional. The trial court did not address that contention. On appeal, the Attorney General concedes Senate Bill 1437 and section 1170.95 are constitutional.

and schedule a hearing at which the prosecution had "to prove beyond a reasonable doubt why relief should not be granted."

On September 11, 2019, counsel appeared before the court. Martinez was not present. The court stated it had received the petition, the prosecution's response, and Martinez's reply. The court asked, "Does either side wish to be heard?" The prosecutor stated he'd submit on the paperwork, noting, "This case does not involve felony murder or natural and probable consequences. It looks like the jury was not instructed on that issue. And because of that, I don't think this murder qualifies under 1170.95."

Martinez's counsel said,

> "The only thing I will say, Your Honor, is that in order to establish a prima facie case the bar is set pretty low. And our position is that once a petitioner files a petition and checks all of the appropriate boxes, then there is a sufficient showing of a prima facie case in order for the court to issue an order to show cause as to why relief should not be granted. Now certainly it's not a decision on the merits of the case. But in terms of the prima facie case part of the analysis, I think it's sufficient. Submitted."

The court stated if "just checking off all the boxes" were enough to establish a prima facie case, then all courts "would be wrong in . . . denying any relief on habeas [petitions]." The court continued,

> "But I don't think that's the case. I think you do have to show a prima facie case. And I do submit that it is a low standard . . . . But there

5

has to be something that, if true, would support the finding of a prima facie case that they would be entitled to relief. [¶] But here under 1170.95, it only applies to murder convictions in which the People sought the conviction under the theory of either felony murder or natural and probable consequences. And they were not instructed on those theories. The People did not proceed on those theories. So I do not believe there is a prima facie case that has been established. And for those reasons, the petition is denied."

Martinez appealed and we appointed counsel to represent him. On January 27, 2020, Martinez filed an application to augment the record with a settled statement. Martinez noted the trial court had not stated what materials it relied on—other than the parties' submissions and their exhibits—in denying the petition. On February 24, 2020, we issued an order that the trial court "prepare a report, in minute order form, identifying all documents the court reviewed in connection with its denial of the Penal Code section 1170.95 petition." On February 26, 2020, the trial court issued a minute order "identifying all documents [the] court relied on in reaching its decision."

"1. The petition for resentencing pursuant to Penal Code section 1170.95 filed by defendant[;] [¶]

"2. The People's response to [the] 1170.95 petition and all attached exhibits filed 8/7/2019[;] [¶]

6

"3. The petitioner's reply to the People's response filed 8/28/2019[;] [¶]

"4. The court of appeal opinion affirming the conviction filed 3/29/2004 (contained in court file and as exhibit to People's response)[;] [¶]

"5. The jury instructions given to the jury (contained in the court file)[;] [¶]

"6. The verdict form finding petitioner guilty of first degree murder (contained in court file)[;] [¶]

"7. The preliminary hearing transcript (contained in court file)[.]"

## DISCUSSION

### 1. *Senate Bill 1437*

Senate Bill 1437 took effect on January 1, 2019. (See Stats. 2018, ch. 1015, § 4.) It limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder, to ensure a person's sentence is commensurate with his or her individual criminal culpability. (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 971 (*Lewis*).)

Senate Bill 1437 amended the felony-murder rule by adding section 189, subdivision (e). It provides that a participant in the perpetration of qualifying felonies is liable for felony murder only if the person: (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life as described in section 190.2, subdivision (d).

7

(See *People v. Gentile, supra,* 10 Cal.5th at p. 842.) It amended the natural and probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Senate Bill 1437 also added section 1170.95, which created a procedure whereby individuals convicted of murder under a now-invalid felony-murder or natural and probable consequences theory may petition to vacate their convictions and be resentenced. A defendant is eligible for relief under section 1170.95 if he meets three conditions: (1) he must have been charged with murder by means of a charging document that allowed the prosecution to proceed under a theory of felony murder or under the natural and probable consequences doctrine, (2) he must have been convicted of first or second degree murder, and (3) he could no longer be convicted of first or second degree murder due to changes to sections 188 and 189 effectuated by Senate Bill 1437. (§ 1170.95, subd. (a).)

In determining whether the petitioner has carried the burden of making the requisite prima facie showing he falls within the provisions of section 1170.95 and is entitled to relief, the superior court properly examines the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra,* 11 Cal.5th at p. 971.) However, "the prima facie inquiry under [section 1170.95,] subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so,

8

the court must issue an order to show cause." ' . . . 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid*.)

To be eligible for resentencing, Martinez was required to show that he "could not be convicted of first or second degree murder because of changes to Section 188 or 189" made by Senate Bill 1437. (§ 1170.95, subd. (a)(3).) The jury instructions given at Martinez's trial conclusively demonstrate he cannot make that showing. "[P]otential relief under section 1170.95 extends only to those convicted of murder by operation of the natural and probable consequence doctrine or of felony murder." (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1056, review granted Sept. 23, 2020, S263939; *People v. Lee* (2020) 49 Cal.App.5th 254, 263-265, review granted July 15, 2020, S262459.) Where the record shows, as a matter of law, that the petitioner was not tried under either of those theories, he necessarily was convicted on a theory that survives the changes to sections 188 and 189 enacted by Senate Bill 1437.

Martinez's jury was not instructed on either the natural and probable consequences doctrine or the felony-murder rule. Therefore, he could not have been convicted based on either of those theories. (See, e.g., *People v. Soto*, *supra*, 51 Cal.App.5th at pp. 1054-1055 [trial court may rely on jury instructions when determining whether petitioner has made a prima facie showing of entitlement to relief]; cf. *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1157, 1167-1168 [petitioner not entitled to relief where he was convicted as direct aider and abettor,

9

and not of felony murder or murder under a natural and probable consequences theory].)

Martinez concedes "[t]he prosecutor pursued a straight aiding and abetting theory to obtain the murder convictions" at his trial, and he "was not tried on a felony murder theory." He contends, however, that he made "a prima facie showing he was entitled to relief" and the court should have issued an order to show cause because he "was convicted on the basis that he shared Crespin's intent to kill, where a separate jury found Crespin did not intend to kill." There are two problems with this argument.

First, as we noted in *Martinez I*, "[t]he fact that a principal is acquitted does not preclude the aider and abettor's conviction. (*Standefer v. United States* (1980) 447 U.S. 10, 21-25; *People v. Wilkins* (1994) 26 Cal.App.4th 1089, 1093.)"

Second, Martinez never made this argument in the trial court. He therefore has forfeited it. (*People v. Rodriguez* (2019) 40 Cal.App.5th 194, 203-204.) In any event, we know nothing about why Crespin's jury acquitted him. Martinez speculates it was because the jury "found Crespin did not intend to kill." However, the jury could have acquitted Crespin for some other reason—for example, because the prosecution had not proved the identity of the shooter beyond a reasonable doubt.

Finally, even though he concedes he was not tried for felony murder or under the natural and probable consequences doctrine, Martinez seems to contend that—because he checked the boxes on the form—his "petition was facially sufficient." Citing *People v. Drayton* (2020) 47 Cal.App.5th 965, 979, Martinez asserts "[t]he facts alleged in the petition are taken as true unless 'irrefutably contradicted' by readily accessible facts in the record."

10

Here, however, Martinez's checked boxes claiming he was convicted under the felony-murder rule or the natural and probable consequences doctrine *are* irrefutably contradicted by readily accessible facts in the record:  the jury instructions given at his trial—instructions on which the trial court relied and which Martinez himself has asked us, on appeal, judicially to notice.  As we have said, in *Lewis* our Supreme Court instructed "the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*Lewis*, *supra*, 11 Cal.5th at p. 972.)

## DISPOSITION

We affirm the superior court's order denying Jonathan Peter Martinez's petition to vacate his murder conviction and for resentencing under Penal Code section 1170.95.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:



LAVIN, Acting P. J.



KALRA, J.*

---

\*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.